# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARL J. ROBBINS,<br><br>           Plaintiff,<br><br>     v.<br><br>LACKNER, et al.,<br><br>           Defendants. | Case No. 1:14-cv-01609-DLB PC<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>THIRTY-DAY DEADLINE |

Plaintiff Earl J. Robbins ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this action pursuant to 42 U.S.C. § 1983.  Plaintiff filed his complaint on September 23, 2014, and it was transferred to this Court on October 15, 2014.  He names Sierra Conservation Center ("SCC") Warden Heidi M. Lackner, SCC Mailroom Supervisor S. Winn-Reed, SCC Mailroom Office Assistant T. Jenkins, Correctional Captain C. Koenig and numerous Does as Defendants.[1]

**A.     SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on September 30, 2014.

1

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.   SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently incarcerated at SCC in Jamestown, California, where the events at issue occurred.

Plaintiff alleges that individuals in the mailroom at SCC are stealing inmate stamps. The thefts were reported by numerous inmates, and Defendant Lackner "placed a memorandum stating

she was not sure which shift of mailroom staff were 'taking inmate stamps!'" ECF No. 1, at 3. Plaintiff alleges that Defendant Lackner also allows staff to take mail and refuse to send it out.

Defendant Winn-Reed met with Plaintiff and denied any knowledge of mail issues, thereby defending staff. Plaintiff "strongly believes" that Defendant Winn-Reed knew who took inmate stamps from incoming mail. ECF No. 1, at 3.

Plaintiff also met with Defendant Koenig, who attempted to intimidate Plaintiff because he filed a 602 complaint. Plaintiff states that Defendant Koenig is aware of the mail theft issues and denial of incoming mail.

Finally, Plaintiff alleges that "C-4 1st watch staff read and process mail sending to mailroom to stop." ECF No. 1, at 3.

For relief, Plaintiff requests that criminal charges be brought against SCC staff and that a federal investigation be opened.

**C.   DISCUSSION**

  1.   Standing

"[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." City of Los Angeles v. Lyons, 461 U.S. 95, 101 (1983) (citations omitted); Human Life of Washington Inc. v. Brumsickle, 624 F.3d 990, 1000 (9th Cir. 2010); Chandler v. State Farm Mutual Auto. Ins. Co., 598 F.2d 1115, 1121-22 (9th Cir. 2010).

At a bare minimum, standing requires that plaintiff "show that [he] suffered an injury in fact, there was a causal connection between the injury and the conduct complained of, and the injury is likely to be redressed by a favorable decision." Davis v. Yageo Corp., 481 F.3d 661, 673 (9th Cir. 2007) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61, 112 S.Ct. 2130, 2136 (1992)).

While Plaintiff complains of theft and mail issues, he does not specifically state that any of *his* items were stolen, or that he has mail issues with *his* mail.

  2.   Defendant Jenkins

As explained above, to state a claim under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-77, 129

S.Ct. at 1949; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.

Here, Plaintiff does not include any factual allegations against Defendant Jenkins and he has therefore failed to link him to any allegedly unconstitutional conduct.

### 3. Theft

The main issue in Plaintiff's complaint appears to be the alleged theft of inmate stamps. However, the Due Process Clause is not violated by the random, unauthorized deprivation of property so long as the state provides an adequate post-deprivation remedy. Hudson v. Palmer, 468 U.S. 517, 533 (1984); Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994). Plaintiff has an adequate post-deprivation remedy under California law and therefore, he may not pursue a due process claim arising out of the unlawful confiscation of his personal property. Barnett, 31 F.3d at 816-17 (citing Cal. Gov't Code §§810-895).

Therefore, even if Plaintiff alleges that his stamps were stolen, he cannot state a claim for relief.

### 4. First Amendment

The exact nature of Plaintiff's mail claim, if any, is unclear. The Court therefore provides the following standards for informational purposes.

Prisoners have "a First Amendment right to send and receive mail." Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995). Prison regulations relating to the regulation of incoming mail are analyzed under the Turner reasonableness standard set forth in Turner v. Safley, 482 U.S. 78, 89-91 (1987). Thornburgh v. Abbott, 490 U.S. 401, 413-14 (1989). The regulation is valid if it is reasonably related to legitimate penological interests. Turner, 482 U.S. at 89. In determining the reasonableness of the regulation, court must consider the following factors: (1) whether there is a "valid, rational connection between the regulation and the legitimate government interest put forward to justify it," (2) "whether there are alternative means of exercising the right," (3) the impact that the "accommodation of the asserted constitutional right will have on guards and other inmates," and (4) "the absence of ready alternatives." Turner, 482 U.S. at 89-90.

4

Isolated incidents of mail interference or tampering will not support a claim under section 1983 for violation of plaintiff's constitutional rights. See Davis v. Goord, 320 F.3d 346, 351 (2d. Cir. 2003); Gardner v. Howard, 109 F.3d 427, 431 (8th Cir. 1997); Smith v. Maschner, 899 F.2d 940, 944 (10th Cir. 1990).

5. Retaliation

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff alleges that Defendant Koenig "attempted to intimidate" him because he filed an inmate appeal. ECF No. 1, at 3. While filing an inmate appeal is protected conduct, Plaintiff's claim of retaliation is too vague to state a claim. Stating that Defendant Koenig "attempted to intimidate" him does not sufficiently allege that Defendant Koenig took an adverse action against him, that the action chilled the exercise of his First Amendment rights, and that the action did not reasonably advance a legitimate correctional goal.

Plaintiff therefore fails to state a retaliation claim.

6. Requested Relief

Finally, Plaintiff requests that criminal charges be brought against SCC staff for thefts of United States Postal Stamps. He also requests that the Court open a "full federal investigation" into the acts of Defendants Lackner and Koenig for "knowingly and willingly allowing the SCC Correctional Staff to steal hundreds of books/sheets of stamps valued at $9.80 each." ECF No. 1, at 3.

However, it is well established that private citizens can neither bring a direct criminal action against another person, nor can they petition the federal courts to compel the criminal prosecution of

1  another person.  See Parsons v. Arizona, 2013 WL 48044744 (D.Ariz. 2013); Martinez v. Ensor, 958
2  F.Supp. 515, 518 (D.Colo.1997); see also Maine v. Taylor, 477 U.S. 131, 137 (1986) ("private
3  parties ... have no legally cognizable interest in the prosecutorial decisions of the Federal
4  Government").  The United States Attorneys have the responsibility to prosecute all offenses against
5  the United States within their Districts, except as otherwise provided by law.  See 28 U.S.C. § 547.
6  Therefore, "[f]ederal courts have no jurisdiction of cases prosecuted in the name of the United States
7  unless they are prosecuted by the United States Attorney."  United States v. Bryson, 434 F.Supp.
8  986, 988 (W.D.Okla.1977).

9      Accordingly, Plaintiff cannot seek the criminal prosecution of individuals for violation of
10 federal criminal statutes.

11 **D.   ORDER**

12     Plaintiff does not state any cognizable claims.  The Court will provide Plaintiff with an
13 opportunity to file an amended complaint, if he believes, in good faith, he can cure the identified
14 deficiencies.  Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d
15 1122, 1130-31 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  If Plaintiff
16 amends, he may not change the nature of this suit by adding new, unrelated claims in his amended
17 complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

18     If Plaintiff files an amended complaint, it should be brief, Fed. R. Civ. P. 8(a), but under
19 section 1983, it must state what each named defendant did that led to the deprivation of Plaintiff's
20 constitutional rights and liability may not be imposed on supervisory personnel under the mere
21 theory of *respondeat superior*, Iqbal, 556 U.S. at 676-77; Starr v. Baca, 652 F.3d 1202, 1205-07 (9th
22 Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012).  Although accepted as true, the "[f]actual allegations
23 must be [sufficient] to raise a right to relief above the speculative level. . ." Twombly, 550 U.S. at
24 555 (citations omitted).

25     Finally, an amended complaint supersedes the original complaint, Lacey v. Maricopa
26 County, 693 F.3d 896, 907 (9th Cir. 2012) (en banc), and it must be "complete in itself without
27 reference to the prior or superseded pleading," Local Rule 220.
28 ///

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed with leave to amend;
2. The Clerk's Office shall send Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff must file an amended complaint curing the deficiencies identified by the Court in this order, and
4. <u>If Plaintiff fails to comply with this order, this action will be dismissed, without prejudice, for failure to obey a court order.</u>

IT IS SO ORDERED.

Dated:   **March 11, 2015**                               /s/ *Dennis L. Beck*
                                                                  UNITED STATES MAGISTRATE JUDGE