# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARL J. ROBBINS,<br><br>       Plaintiff,<br><br>  v.<br><br>LACKNER, et al.,<br><br>       Defendants. | Case No. 1:14-cv-01609-DLB PC<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT WITHOUT LEAVE TO AMEND |

Plaintiff Earl J. Robbins ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this action pursuant to 42 U.S.C. § 1983. Plaintiff filed his complaint on September 23, 2014, and it was transferred to this Court on October 15, 2014. Pursuant to Court order, he filed a First Amended Complaint on April 1, 2015. He names Sierra Conservation Center ("SCC") Warden Heidi M. Lackner, SCC Mailroom Supervisor S. Winn-Reed, SCC Mailroom Office Assistant T. Jenkins, Correctional Captain C. Koenig and Captain Hodges as Defendants.[1]

**A.  SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on September 30, 2014.

1

monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983.  Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.  Plaintiff must present factual allegations sufficient to state a plausible claim for relief.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.    SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently incarcerated at SCC in Jamestown, California, where the events at issue occurred.

Plaintiff alleges that Defendants Winn-Reed and Koenig are responsible for removing photos and stamps, and refusing to process his mail.  Beginning in December 2013, Plaintiff ordered photos

2

from "Stable Entertainment." Mailroom staff, including Defendant Winn-Reed, continued taking the photos, and her actions were approved by Defendant Koenig. Plaintiff alleges that Defendants continue to tell him that Stable Entertainment is sending nude photos, though Plaintiff believes that Stable Entertainment is not "licensed for nude-photo distribution." ECF No. 11, at 4.

Plaintiff further alleges that Defendant Lackner acknowledged in writing that mail staff were stealing stamps from inmates, including Plaintiff, but she was not certain which staff members were involved. Despite this, no staff members have been fired for theft.

Finally, Plaintiff contends that Defendant Hodges, in the CDCR Office in Sacramento, removed Plaintiff's three-page catalog attached to his administrative grievance because he thought the catalog contained nude photos. Plaintiff contends that the catalog should have been kept with his appeal because it shows that the photos were not nude images, and that Defendant Hodges incorrectly cites section 3135.

For relief, Plaintiff requests that his photos be returned, and that he receive compensation for pain and suffering. He also asks that all "issues and letters" be removed from his central file. ECF No. 11, at 5.

**C. DISCUSSION**

1. Eighth Amendment

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)) (quotation marks omitted). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted). Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment. Morgan, 465 F.3d at 1045 (quotation marks and citations omitted); Hope v. Pelzer, 536 U.S. 730, 737, 122 S.Ct. 2508 (2002); Rhodes, 452 U.S. at 346.

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted).  To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety.  E.g., Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

Here, Plaintiff alleges that the removal of his photos and stamps constitutes cruel and unusual punishment.  However, this does not rise to the level of an Eighth Amendment violation, and Plaintiff therefore fails to state a claim.  This cannot be cured by amendment.

      2.    <u>Due Process Clause</u>

Plaintiff alleges that Defendant violated his due process rights when he removed a catalog that Plaintiff attached to his grievance as evidence.

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake."  Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005).  Plaintiff does not a have protected liberty interest in the processing his appeals, and therefore, he cannot pursue a claim for denial of due process with respect to the handling or resolution of his appeals.  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)).

Plaintiff therefore fails to state a due process claim against Defendant Hodges for the removal of the catalog attached to his appeal.  This cannot be cured by amendment.

      3.    <u>Property</u>

The main issue in Plaintiff's complaint appears to be the confiscation of certain mail and the alleged "theft" of his postage stamps.  It is unclear whether the stamps are actually being stolen, or if they are connected to the confiscation of his incoming mail.

As the Court noted in the prior screening order, the Due Process Clause is not violated by the random, unauthorized deprivation of property so long as the state provides an adequate post-deprivation remedy. Hudson v. Palmer, 468 U.S. 517, 533 (1984); Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994). Plaintiff has an adequate post-deprivation remedy under California law and therefore, he may not pursue a due process claim arising out of the unlawful confiscation of his personal property. Barnett, 31 F.3d at 816-17 (citing Cal. Gov't Code §§810-895).

To the extent that Plaintiff's property is being confiscated pursuant to a prison regulation, i.e. a regulation prohibiting certain types of photos, the Due Process Clause of the Fourteenth Amendment protects him from being deprived of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556, 94 S.Ct. 2963 (1974), and he has a protected interest in his personal property, Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). Authorized, intentional deprivations of property are actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n.13, 104 S.Ct. 3194 (1984); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), but the Due Process Clause is violated only when the agency "prescribes and enforces forfeitures of property without underlying statutory authority and competent procedural protections," Nevada Dept. of Corrections v. Greene, 648 F.3d 1014, 1019 (9th Cir. 2011) (citing Vance v. Barrett, 345 F.3d 1083, 1090 (9th Cir. 2003)) (internal quotations omitted), cert. denied, 132 S.Ct. 1823 (2012).

Prisoners have a liberty interest in receiving both personal mail and publications and are entitled to "minimum procedural safeguards" when deprived of that interest. Krug v. Lutz, 329 F.3d 692, 696-97 (9th Cir.2003) (citing Procunier v. Martinez, 416 U.S. 396, 94 S.Ct. 1800, 40 L.Ed.2d 224 (1974)). Prisoners must, therefore, be afforded (1) notice of a mail rejection, (2) a reasonable opportunity to appeal the rejection, and (3) review by an independent official. See Martinez, 416 U.S. at 418-19; Krug, 329 F.3d at 697; Frost, 197 F.3d at 353.

Plaintiff seems to suggest that his photos were improperly characterized as "nude" photos and therefore disallowed under prison regulations. However, he fails to allege any facts supporting a claim that he was denied the procedural process he was due. In fact, Plaintiff attaches numerous Notifications of Disapproval of Mail, which set forth the mail disallowed and the reason for the disallowance. Plaintiff filed numerous Requests for Interviews about his disallowed mail, as well as

1  at least one administrative grievance.  Plaintiff's evidence therefore shows that he received the
2  process he was due- notice of a mail rejection, a reasonable opportunity to appeal the rejection, and
3  review by an independent official.  The fact that Plaintiff's personal property was confiscated and
4  has yet to be returned, alone, is not sufficient to support a plausible due process claim.  Greene, 648
5  F.3d at 1019.

6  Similarly, Plaintiff's disagreement with the characterization of the photos does not state a due
7  process claim.  Plaintiff argues that his photos are not nude photos, and attaches documents from
8  Stable Entertainment stating that they do not provide nude photos.  Neither Plaintiff's disagreement,
9  nor Stable Entertainment's description, however, is relevant to the prison's application of a
10 regulation.

11 Given the evidence attached to Plaintiff's First Amended Complaint showing that he received
12 the process to which he was due, as well as his failure to allege any facts contending otherwise, this
13 claim cannot be cured by amendment.

14     4.    Defendant Jenkins

15 As explained above, to state a claim under section 1983, Plaintiff must demonstrate that each
16 defendant personally participated in the deprivation of his rights.  Iqbal, 556 U.S. at 676-77, 129
17 S.Ct. at 1949; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v.
18 City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.

19 Here, Plaintiff does not include any factual allegations against Defendant Jenkins and he has
20 therefore failed to link him to any allegedly unconstitutional conduct.  Plaintiff was informed of this
21 deficiency in the prior screening order, but he has failed to correct the issue.

22 **D.**    **ORDER**

23 Plaintiff does not state any cognizable claims.  Given the nature of the deficiencies, the Court
24 finds that further leave to amend is not warranted.

25 ///
26 ///
27 ///
28 ///

1  Plaintiff's First Amended Complaint is therefore DISMISSED WITHOUT LEAVE TO
2  AMEND for failure to state a claim for which relief may be granted.
3  <u>This terminates this action in its entirety.</u>

IT IS SO ORDERED.

   Dated:   **September 22, 2015**              /s/ *Dennis L. Beck*
                                           UNITED STATES MAGISTRATE JUDGE